UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TERESA J. TAYLOR, | ) | CASE NO.  5:07 CV 3192 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | |
| ELEGANT ANGEL, et al., | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On October 17, 2007, plaintiff pro se Teresa J. Taylor filed the above-captioned in forma pauperis complaint against Elegant Angel, Art Bouzanis, State of California and LAPD [Los Angeles Police Department] Hollywood Hills.  Ms.  Taylor asserts this court's jurisdiction based on alleged violations of a series of civil rights and criminal statutes as well as alleged violations of her Fourteenth Amendment rights. She amended her complaint on November 15, 2007 to add the following statutes: "28 U.S.C. § 171, 28 U.S.C. § 2679, 42 U.S.C. § 1983, 28 U.S.C. 1343, 42 U.S.C. § 1988 and 28 U.S.C. § 1367." She is seeking a permanent restraining order against the defendants and "any third parties possibly involved, a thourough [sic] investigation and search for the evidence, a search as to whether this was set up beforehand as

a sales between the parties, an investigation as to whether this plaintiff is the only victim of these parties."(Compl. at 2.)  In addition, she seeks $1 million in damages from Mr. Bouzounis and $5 million from the LAPD and the DA's office "who stated directly to the plaintiff that because she was on an adult film set noone [sic] would believe her and therefore they would not file on her behalf." (Compl. at 2.)

## Background

Ms. Taylor alleges that "in 1997-2007 her rights and body were repeatedly violated in such a way as to cause irreversible harm." (Compl. at 2.) It appears that the events of which Ms. Taylor complains started after her former boyfriend, Art Bouzounis, drove her to the hospital for "treatment, wrote a letter, signed her name and sent a picture to Patrick Collins, owner of Elegant Angel, who then flew the plaintiff to LA to his home to explore the avenue of adult film acting." (Comp. at 2.)

She claims that on her first day on the set, she was filmed while being raped by a male and female co-worker. Although she complained during the entire incident, no one came to her assistance. She was later permitted to return home. Once she returned to Mr. Collins's residence, where she was living, she reported the incident to him. She states that he told her he fired the young lady about whom Ms. Taylor complained and allegedly stated that "he could not use the film they had taped because of the incident." Ms. Taylor claims that she did not report the matter to the police "because of the power of the wealthy individual[']s home she was in." Moreover, she believes it was Mr. Collins's "moral and lawful obligation to report the incident to the police."

Ms. Taylor alleges that Mr. Bouzounis knew that she suffered from "extreme

mental illness." Nonetheless, he allegedly violated her rights by repeatedly causing her financial, physical, emotional, medical and social harm by intentionally deceiving her. It was Mr. Bouzounis who allegedly introduced Ms. Taylor to the adult film industry, and routinely gave her illegal narcotics. When she complained to Mr. Collins, he presented her with the "letter she did not write, obviously not in her handwriting after she was raped on the first film set." (Compl. at 3.) She adds that the LAPD and DA did not follow proper procedure and order a "search for the videotape evidence and ignoring Ms. Taylor[']s statement that they could prove the owners of the company were lying by getting the bank payroll records to prove there were two checks cut even though they say there was only one film."(Compl. at 3.)

It is Ms. Taylor's contention that all of the defendants in this action had a duty to protect her, "this then very sick person [, but] . . . chose to continue the abuse she had endured since childhood causing the victim to be tortured for years." (Compl. at 3.)

## Standard of Review

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of

---

[1]     A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

<u>Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

### *Failure to State a Claim*

There is no question that a <u>pro</u> <u>se</u> litigant's pleadings are held to a less stringent standard than formal pleadings drafted by lawyers and a court should make a reasonable attempt to read the pleadings to state a valid claim despite any failure to cite proper legal authority, confusion of legal theories, poor syntax, or unfamiliarity with the pleading requirements. However, <u>pro se</u> plaintiffs are not entitled to take every case to trial and courts should not assume the role of advocate for them. <u>Berridge v. Heiser</u>, 993 F.Supp. 1136 (S.D. Ohio 1997); <u>United States v. Cawley</u>, 821 F.Supp. 1219 (E.D. Mich.1993), <u>aff'd</u>, 16 F.3d 1221 (6th Cir. 1994).

Here, the court cannot take every legal theory Ms. Taylor includes and tie it to a potential cause of action. District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would require the courts "to explore exhaustively all potential claims of a <u>pro</u> <u>se</u> plaintiff" and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Id.</u> Without more, Ms. Taylor's complaint is simply a narrative of painful experiences she allegedly endured for which she has failed to state a valid claim for redress from this court.  Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987); <u>see</u> <u>Place v. Shepherd</u>, 446 F.2d 1239, 1244 (6th Cir. 1971) ("A pleading will not be sufficient to state cause of action under Civil Rights

4

Act if its allegations are but conclusions.").

*Conclusion*

For all the foregoing reasons, Ms. Taylor is granted leave to proceed <u>in forma pauperis</u> and her complaint is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies that an appeal from this dismissal could not be taken in good faith.[2]

IT IS SO ORDERED.

DATED: December 7, 2007          <u>  s/John R. Adams                              </u>
JOHN R. ADAMS
UNITED STATES DISTRICT COURT

---

[4]  28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith."

5